James **WOOD**, Plaintiff,

v.

Allen **WORACHEK**, Lawrence Goulet, Howard Sobczyk, Richard Tarczynski, Michael Elliott, Michael Krzewinski, (Harold Breier, Individually and in his capacity as Chief of Police of the City of Milwaukee Police Department, Charles Mentkowski, Marjorie Marshal, Richard Block and Louis L. Miller, Jr., Individually and in their capacity as the Fire and Police Commission for the City of Milwaukee—summary judgment has been granted as to these defendants), Defendants.

Civ. A. No. 71–C–243.

United States District Court, E. D. Wisconsin.

Sept. 16, 1977.

Robert E. Sutton, Milwaukee, Wis., for plaintiff.

James B. Brennan, City Atty., and Grant F. Langley, Asst. City Atty., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought pursuant to 42 U.S.C. § 1983 seeking damages and injunctive relief for alleged deprivation by the defendants under color of law of plaintiff's civil rights in connection with an incident involving alleged assault and false arrest which occurred on the night of July 2, 1970, in Milwaukee, Wisconsin. The complaint was originally brought against the Chief of Police of the City of Milwaukee Police Department, the four members of the Milwaukee Fire and Police Commission, two named officers of the Milwaukee Police Department, and other unknown police officers identified as John Doe and Richard Roe.

On January 4, 1972, motions for summary judgment were granted in favor of the Chief of Police and members of the Fire and Police Commission. On October 15, 1976, defendants Worachek and Goulet brought a motion in limine to preclude the plaintiff from introducing at trial testimony relating to the unnamed and unknown defendants. The Court granted the motion on January 25, 1977, and on February 22, 1977, the Court granted plaintiff's motion for leave to file an amended complaint naming the defendants previously identified as John Doe and Richard Roe. Plaintiff thereafter filed an amended complaint naming Howard Sobczyk, Richard Tarczynski, Michael Elliott, and Michael Krzewinski as parties defendant.

On March 2, 1977, defendants Sobczyk, Tarczynski, Elliott, and Krzewinski moved the Court for an order dismissing the amended complaint, alleging (1) that plaintiff failed to comply with Rule 21 of the Federal Rules of Civil Procedure on joinder of parties; (2) that the Court lacks jurisdiction over the subject matter; and (3) that the amended complaint fails to state a claim upon which relief can be granted. Defendants Worachek and Goulet moved the Court (1) for reconsideration and vacation of its order dated February 22, 1977, granting plaintiff's motion for leave to file an amended complaint, alleging that said motion was presented to the Court without notice to defendants and therefore was granted without defendants having had an opportunity to be heard; and (2) for an order striking the amended summons and complaint for failure of the plaintiff to

comply with Rule 21 of the Federal Rules of Civil Procedure. The defendants Worachek and Goulet have also moved the Court in limine to exclude testimony at trial relating to the four recently named defendants.

For the reasons hereafter stated, the motion of defendants Worachek and Goulet to vacate the order of February 22, 1977, or to dismiss the amended complaint is denied. The motion of defendants Sobczyk, Tarczynski, Elliott, and Krzewinski to dismiss the amended complaint is granted, and, therefore, the motion of defendants Worachek and Goulet in limine is moot.

■ In regard to the motion to vacate or dismiss of defendants Worachek and Goulet, they have been aware since the inception of this case that the action was brought against unidentified defendants referred to in the pleadings as John Doe and Richard Roe. In October of 1976, the defendants objected to the unidentified parties. Thereafter the Court on January 25, 1977, granted their motion to preclude plaintiff from proceeding against such unnamed parties.

The decision and order dated January 25, 1977, sets forth the background to the order which indicated that a final pretrial was held on November 3, 1976, at which all parties were present, to discuss defendants' motion in limine, among other matters. The following day the Court ordered the parties to brief the legal issue of whether the plaintiff must name and specifically identify the unknown and unidentified defendant police officers allegedly involved in the assault. In that order, dated November 4, 1976, the Court stated:

> "It is understood that after this issue is decided, the plaintiff will be given leave to amend his complaint if it is determined that he has to specifically identify the officers. The plaintiff has indicated to the Court that from the pretrial discovery, he believes there is a fair inference of the identity of the assaulting police officers."

It was the Court's understanding at the time, and remains its understanding today, that defendants Worachek and Goulet were in accord with the substance of that order.

Indeed, the theory of their briefs was that plaintiff must name the hitherto unnamed parties, not that such parties must be excluded from the suit altogether.

In accordance with that understanding, the Court's order of January 25, 1977, was phrased in terms as follows: "IT IS ORDERED that the plaintiff may not continue to proceed in this action against John Doe and Richard Roe unless he specifically identifies and effects service of process on them." Plaintiff's subsequent motion to amend and to add named parties defendant was in direct response to this order, and therefore the defendants Worachek and Goulet will not now be heard to complain of unfair treatment in the formally ex parte grant of the order.

For the same reasons, the Court does not consider that there is merit to defendants' claims that plaintiff has failed to comply with Rule 21 of the Federal Rules of Civil Procedure. Joinder of parties is not in issue. The Court's order of January 25, 1977, did not dismiss this action against John Doe and Richard Roe. It merely ordered the plaintiff to refrain from continuing to proceed in the action against them unless he identified them specifically and served notice of the complaint upon them. Plaintiff's subsequent motion for leave to amend so as to identify the hitherto unidentified parties was made in conformity with this order and was proper under Rule 15 of the Federal Rules of Civil Procedure.

Defendants Sobczyk, Tarczynski, Elliott, and Krzewinski stand in a different relation to the court, however. They were not named parties to this action at the time that the order of January 25, 1977, was entered, and they are entitled to raise at this time whatever defenses may be available to them. Specifically, they argue that since this action was brought pursuant to 42 U.S.C. § 1983, the state statute of limitations set forth in § 893.21(2), Wis.Stats., applies to the action and bars the plaintiff from proceeding against them.

■ In the order dated January 25, 1977, granting the motion in limine of defendants

Worachek and Goulet to preclude plaintiff from introducing at trial testimony relating to the unnamed and unknown defendants, the Court ruled that it did not have personal jurisdiction over the unnamed defendants:

"The Seventh Circuit has held that a district court does not have jurisdiction over unnamed defendants unless they have been served with a summons and a copy of the complaint. [*United States ex rel. Lee v. People of the State of Illinois,* 343 F.2d 120 (7th Cir. 1965).] There is nothing in the record to indicate that the unnamed defendants were served. The record indicates only that the U. S. Marshal delivered copies of the summons and complaint designated for Richard Roe and John Doe to the Chief of Police as directed by the plaintiff. Such a showing is insufficient to establish personal jurisdiction over those defendants. Rule 4, Federal Rules of Civil Procedure.

"The fact that the named defendants have received notice of the plaintiff's allegations and the issues they raise does not cure plaintiff's failure to serve the unnamed defendants. They have not been served with a summons and complaint and are not aware of the allegations made and issues raised.

"The unnamed defendants' identification as members of the Milwaukee Police Department also fails to cure the jurisdictional defect. This court cannot permit individuals over whom it has no jurisdiction, who have not been made parties to this suit, who have not been put on notice of the claims and issues of this action, and who have not had an opportunity to prepare a defense to be subjected to the possibility that they will be held liable to the plaintiff."

■ In his amended complaint, plaintiff has charged defendants Sobczyk, Tarczynski, Elliott, and Krzewinski with assault and false imprisonment while acting under color of state law. Since there is no federal statute of limitations for civil rights actions, the most clearly analogous state statute of limitations applies to actions brought pursuant to 42 U.S.C. § 1983. *Rinehart v. Locke,* 454 F.2d 313, 315 (7th Cir. 1971); *Wakat v. Harlib,* 253 F.2d 59, 63 (7th Cir. 1958). Courts have divided, however, on the issue of whether the most analogous type of state statute in a civil rights action is one limiting actions for specific common law torts, or for liability created by statute, or for otherwise unspecified civil liability. See 98 A.L.R.2d 1160 (1964); *Glasscoe v. Howell,* 431 F.2d 863 (8th Cir. 1970). In *Rinehart* and *Wakat,* supra, both involving allegations of deprivation of civil rights arising out of alleged false arrest incidents, the Court held that § 15 of the Illinois Limitations Act (§ 15, Ch. 83, Ill.Rev.Stat. 1955), governing "all civil actions not otherwise provided for" applied rather than the Illinois statute of limitations governing actions for false arrest.

■ The State of Wisconsin does not have a general civil liability statute. Section 893.21(2), Wis.Stats. (1965), provides that an action to recover damages for assault or false imprisonment must be brought within two years. Section 893.-19(4), Wis.Stats. (1965), provides that an action upon a liability created by statute must be brought within six years when a different limitation is not prescribed by law.

The plaintiff's cause of action against the defendants Sobczyk, Tarczynski, Elliott, and Krzewinski arose on July 2, 1970. The defendants were not served with notice of the summons and complaint until after plaintiff's motion for leave to file an amended complaint was granted on February 22, 1977. The Court is therefore not required to decide at this time which of the above-mentioned statutes governs in an action of this type, since under either of those statutes, the plaintiff's cause of action against the defendants Sobczyk, Tarczynski, Elliott, and Krzewinski is barred, and their motion to dismiss the amended complaint naming them as parties defendant must be granted.

Since the amended complaint will be dismissed, the motion in limine of defendants Worachek and Goulet brought on August

31, 1977, to limit testimony at trial by excluding testimony relating to the defendants Sobczyk, Tarczynski, Elliott, and Krzewinski is moot.

For the foregoing reasons,

IT IS ORDERED that the motion of defendants Worachek and Goulet for an order for reconsideration and vacation of the Court's order of February 22, 1977, or for an order striking the amended summons and complaint be and it hereby is denied.

IT IS FURTHER ORDERED that the motion of defendants Sobczyk, Tarczynski, Elliott, and Krzewinski to dismiss the amended complaint as to them be and it hereby is granted.