James WOOD, Plaintiff-Appellee, Cross Appellant,

v.

Allen WORACHEK et al., Defendants-Appellants, Cross Appellees.

Nos. 78–1855, 78–1856.

United States Court of Appeals, Seventh Circuit.

Argued April 5, 1979.

Decided April 8, 1980.

Grant F. Langley, Asst. City Atty., Milwaukee, Wis., for defendants-appellants, cross appellees.

James A. Walrath, Milwaukee, Wis., for plaintiff-appellee, cross appellant.

Before PELL and BAUER, Circuit Judges, and HOFFMAN, Senior District Judge.*

BAUER, Circuit Judge.

These consolidated appeals are taken on behalf of both parties from certain pre-trial orders and from the judgment entered by the district court for the plaintiff on his amended complaint, in which he sought injunctive relief and damages for alleged deprivations of his civil rights in violation of 42 U.S.C. § 1983. Plaintiff-appellant James Wood appeals from an adverse pre-trial order dismissing his amended complaint against defendant-appellee Howard Sobcyk for lack of *in personam* jurisdiction. Wood also cross-appeals from the judgment entered in his favor against defendants-appellees Allen Worachek and Lawrence Goulet on the grounds that the award of compensatory damages was inadequate and that the district court improperly denied his request for punitive damages. Defendants Worachek and Goulet appeal from the judgment against them, contending that the district court erred in finding they violated the plaintiff's constitutional rights secured by the Fourth, Eighth, and Fourteenth

Amendments. Worachek and Goulet further appeal from the judgment for the plaintiff on the ground that the award of compensatory damages was excessive.

For the reasons set forth below, we reverse the judgment of the district court holding defendants Worachek and Goulet liable for violations of the plaintiff's rights under the Fourth and Fourteenth Amendments. We also reverse the order of the district court granting the plaintiff's motion to amend his complaint. In all other respects the orders and judgment appealed from are affirmed, and the cause is remanded for a redetermination of the plaintiff's entitlement to compensatory damages for the deprivations of his constitutional rights under the Eighth Amendment.

I

This civil rights action was commenced in 1971 and relates to an incident which occurred on the evening of July 2, 1970 at Water Tower Park in Milwaukee, Wisconsin. On that evening many persons had gathered near the park to demonstrate against a recent city ordinance imposing a 10:00 p. m. curfew for the Water Tower Park. The plaintiff, then 27 years of age, a resident of Milwaukee, and an attorney by occupation, was also present in the park area that night. At approximately 9:00 p. m., an unlawful assembly was declared and violence erupted between the police and the demonstrators, resulting in numerous arrests. Between 9:00 p. m. and 10:00 p. m., the plaintiff was assaulted and sustained numerous injuries consisting of bruises, abrasions, and bleeding, as well as a fracture of a facial bone. He was taken into custody by police officers, removed to a police van, and transmitted to the City Jail where he was confined for approximately three hours until being released without charge and transported to a hospital for the treatment of his injuries.

In his original complaint the plaintiff alleged that on that evening he was assault-

* The Honorable Walter E. Hoffman, Senior District Judge of the United States District Court for the District of Virginia is sitting by designation.

ed, falsely arrested, falsely imprisoned and denied proper medical treatment by certain officers of the Milwaukee Police Department, and further claimed that on that evening and later he was the victim of a conspiracy to deprive him of his constitutional rights by the Chief of Police and the members of the Fire and Police Commission of the City of Milwaukee. Named in the complaint as defendants were the Chief of Police Harold Breier, the four members of the Fire and Police Commission, police officers Allen Worachek and Lawrence Goulet in their capacities as jailers, and other unknown and unidentified police officers, denominated as John Doe and Richard Roe, who allegedly had assaulted and falsely arrested the plaintiff. Plaintiff sought injunctive relief, compensatory damages in the amount of $100,000, and punitive damages in the amount of $500,000.

On March 12, 1975, motions for summary judgment were granted in favor of the Chief of Police and the members of the Fire and Police Commission. *Wood v. Breier*, 66 F.R.D. 8 (E.D.Wis.1975). On January 25, 1977, the district court ordered that the plaintiff could not continue to proceed against defendants John Doe and Richard Roe unless he specifically identified them in his complaint and effected service of process on them.

On February 22, 1977, the court granted the plaintiff's motion to amend his complaint, pursuant to Rule 15 of the Federal Rules of Civil Procedure, by substituting Officers Howard Sobcyk, Richard Tarcynski, Michael Elliot, and Michael Krzewinski as parties defendant for the defendants previously identified as John Doe and Richard Roe.

On September 16, 1977, the court granted the motion of these newly named defendants to dismiss the amended complaint as to them on the ground that the court did not acquire personal jurisdiction over them because the statute of limitations governing

the plaintiff's cause of action had expired prior to the time they were named as parties and served with a summons and a copy of the amended complaint. *Wood v. Worachek*, 437 F.Supp. 107 (E.D.Wis.1977).

The matter was tried to the court as to the remaining defendants, Worachek and Goulet, on January 30, 1978. At that time, the court ruled that the plaintiff had proven he had been denied certain constitutional rights by the defendants. On May 18, 1978, the district court entered its findings of facts and conclusions of law. The court held that the willful and intentional acts and omissions of the defendants, acting under color of law in the course of their employment as police officers for the City of Milwaukee Police Department, did cause the deprivation of constitutional rights guaranteed the plaintiff under the Fourth Amendment guarantee not to be confined without probable cause, the Eighth Amendment guarantee to be free from cruel and unusual punishment in being deprived of medical treatment, and the Fourteenth Amendment guarantee not to be confined, deprived of his liberty or suffer punishment without due process, nor be deprived of the equal protection of the law, in violation of 42 U.S.C. § 1983. The court awarded the plaintiff compensatory damages in the amount of $2,500, but declined to award plaintiff punitive damages.

From certain of these pre-trial orders and the judgment entered for the plaintiff, both parties have appealed to this Court.

## II

Plaintiff's first contention on appeal is that the district court erred in dismissing his amended complaint against defendant Howard Sobcyk for lack of *in personam* jurisdiction.[1] We find the arguments advanced in support of this contention to be devoid of merit and accordingly affirm the order of the district court.

---

1. In his reply brief, the plaintiff urges this Court to consider his arguments concerning the dismissal of defendant Sobcyk as equally applicable to the dismissal of the three other defend-

ants named by the plaintiff in his amended complaint. As this claim was not properly raised in plaintiff's principal brief, we decline to address it on appeal. *See* Circuit Rule 9(e).

After the statute of limitations governing the plaintiff's cause of action against Officer Sobcyk had expired, the district court granted the plaintiff's motion, pursuant to F.R.Civ.P. 15, to amend his complaint to substitute Officer Sobcyk as a party defendant. Thus, under a proper application of Rule 15, the amendment would have related back to the original cause of action and the court would thereby have acquired personal jurisdiction over defendant Sobcyk, notwithstanding the fact that he was served with a copy of the amended complaint after the statute of limitations had run. Accordingly, if the amendment satisfied the requirements of Rule 15(c), the statute of limitations would not operate to bar the plaintiff's suit against defendant Sobcyk, and the plaintiff's contention that the district court erred in dismissing the amended complaint against defendant Sobcyk would be correct. On the record before us, however, we hold that the district court abused its discretion in granting the plaintiff's motion to amend the complaint to substitute Officer Sobcyk as a party defendant because the amendment failed to comply with the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

■ A plaintiff may usually amend his complaint under Rule 15(c) to change the theory or statute under which recovery is sought; or to correct a misnomer of plaintiff where the proper party plaintiff is in court; or to change the capacity in which the plaintiff sues; or to substitute or add as plaintiff the real party interest; or to add additional plaintiffs where the action, as originally brought, was a class action. *Aarhus Oliefabrik, A/S v. A.O. Smith Corp.*, 22 F.R.D. 33, 36 (E.D.Wis.1958) (and cases cited therein). Thus, amendment with rela-

tion back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run. *Id.*

Rule 15(c) expressly conditions the relation back of an amendment changing the party against whom a claim is asserted upon the existence of three prerequisites.[2] First, the amended claim must arise out of the same occurrence set forth in the original pleading. Second, within the applicable statute of limitations period the purported substitute defendant must have received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits. Third, the purported substitute defendant must have or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

In the case at bar, it is clear that the provisions of the first prerequisite of Rule 15(c) have been met. The amendment merely substituted the name of Officer Sobcyk as a party defendant in the place of the unidentified Milwaukee police officers, denominated as defendants John Doe and Richard Roe, who the plaintiff alleged in his original complaint caused the injuries he sustained during the civil disturbance at Water Tower Park. It is equally clear, however, that the provisions of the second and third prerequisites of Rule 15(c) have not been satisfied in this case.

As a second precondition for relation back of an amendment, Rule 15(c)(1) requires

**2.** Rule 15(c) of the Federal Rules of Civil Procedure provides, in pertinent part:

*Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied

and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for mistake concerning the identity of the proper party, the action would have been brought against him.

that the party to be added by amendment receive such notice of the institution of the action that he will not be prejudiced in maintaining his defense. Plaintiff contends that Officer Sobcyk received the requisite notice of the lawsuit prior to the expiration of the statute of limitations because he was deposed by counsel for the plaintiff on July 30, 1971. However, this form of notice does not satisfy the notice requirement contemplated under Rule 15(c)(1). Although Officer Sobcyk may have received notice of the pendency of a lawsuit, he did not receive such notice of the action that he would not be prejudiced in defending the suit on the merits. A review of Officer Sobcyk's deposition testimony does not reveal any support for the claim that he was thereby placed on notice that he would be named as a defendant in the action. Indeed, the record indicates that nearly six years elapsed between the date the plaintiff took Officer Sobcyk's deposition and the date the plaintiff sought to amend his complaint naming Sobcyk as a party defendant.

Moreover, the ability of Officer Sobcyk to defend against plaintiff's claims was further prejudiced by the lack of identity of interest between Sobcyk and the remaining non-fictitious defendants named in the original complaint, Officers Worachek and Goulet. Identity of interest is an appropriate guide in measuring possible prejudice under Rule 15(c). 3 *Moore's Federal Practice* ¶ 15.5[4.–2], p. 15–231. Although Officer Sobcyk is presently represented by the same counsel who represented defendants Worachek and Goulet at the trial of this action, he was not represented by an attorney at the time of his deposition nor at any other time with respect to this suit prior to the date the plaintiff served him with a summons and copy of the amended complaint. Since the claims asserted by the plaintiff against defendants Worachek and Goulet, as jailers, are separate and distinct from the claims asserted against defendant Sobcyk, he does not have the benefit of the pretrial discovery and trial defense preparation undertaken on behalf of defendants Worachek and Goulet. Finally, permitting the amendment would result in prejudice to

Officer Sobcyk by depriving him of the statute of limitations defense which, in the absence of proper notice under Rule 15(c)(1), is a complete bar to the action against him. *Simmons v. Fenton,* 480 F.2d 133, 136 (7th Cir. 1973).

Furthermore, the amendment fails to satisfy the provisions of Rule 15(c)(2), which requires that Officer Sobcyk knew or should have known that, but for a mistake concerning his identity, the plaintiff's action would have been brought against him. This is not a case involving a misnomer of defendant which Rule 15(c) was envisioned to correct. Rule 15(c)(2) permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party. *Sassi v. Breier,* 584 F.2d 234, 236 (7th Cir. 1978). Thus, in the absence of a mistake in the identification of the proper party, it is irrelevant for the purposes of Rule 15(c)(2) whether or not the purported substitute party knew or should have known that the action would have been brought against him. The record in this case clearly indicates that the plaintiff did not mistake the identity of the proper party defendant, and he is therefore precluded from availing himself of the benefits provided by Rule 15(c)(2).

Accordingly, we hold that the district court abused its discretion in permitting the plaintiff to amend his complaint because the amendment did not comply with the requirements of Rule 15 of the Federal Rules of Civil Procedure. We therefore reverse the order of the district court granting the motion to amend the plaintiff's complaint. However, we affirm the order appealed from dismissing defendant Sobcyk on the ground that the plaintiff's cause of action against him is barred by the statute of limitations. It is well-settled that an appellate court may affirm a judgment correct in its ultimate effect and supported by the record, notwithstanding that the lower court relied on a different, or

even a wrong, reason. *See, e. g., Ginsburg v. Black*, 237 F.2d 790 (7th Cir. 1956), *cert. denied*, 353 U.S. 911, 77 S.Ct. 669, 1 L.Ed.2d 665 (1957).

## III

Defendants Worachek and Goulet appeal from the judgment against them for violating the plaintiff's Fourth and Fourteenth Amendment rights on the ground that the evidence at trial did not support the district court's finding that the defendant jailers were liable for accepting a prisoner arrested by another police officer where that arrest was later determined to be unlawful. The trial court found that the defendants, acting in their official capacities as jailers, confined the plaintiff in the Milwaukee City Jail from approximately 10:00 p. m. on July 2, 1970 until approximately 1:00 a. m. on July 3, 1970, when the plaintiff was released from custody without charge. On the basis of these findings, the court concluded that the defendants violated the plaintiff's Fourth and Fourteenth Amendment rights because they had failed to file a specific charge against the plaintiff and had continued to confine the plaintiff for approximately three hours without probable cause.

The findings of fact made by the district court can only be set aside if they are clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure; *Armstrong v. Brennan*, 539 F.2d 625, 634 (7th Cir. 1976). Based upon the following examination of the evidence with respect to the plaintiff's arrest and confinement, we conclude that these findings are clearly erroneous and we therefore reverse the judgment of the district court imposing liability on the defendants for violations of the plaintiff's rights under the Fourth and Fourteenth Amendments.

Generally, a jailer is liable for the illegal detention of an inmate when he unreasonably detains the inmate for arraignment or release, or possesses an affirmative knowledge of the illegality of the arrest. But if the errors upon which liability is asserted take place beyond the scope of his responsibility, he cannot be found liable where he has acted reasonably and in good faith. *See, e. g., Bryan v. Jones*, 530 F.2d 1210, 1215 (5th Cir. 1976). In the case at bar, the evidence adduced at trial clearly showed that defendants Worachek and Goulet acted reasonably and in good faith with respect to the detention of the plaintiff, and without an affirmative knowledge that the plaintiff's arrest had been unlawful.

The evidence showed that the violation of the plaintiff's constitutional right not to be confined without probable cause occurred at the time of his arrest at the Water Tower Park and his subsequent custodial transmittal to the City Jail, and therefore prior to the time he came into contact with the jailers. It was not the obligation of the jailers to determine whether or not probable cause existed for his arrest. The jailers did not perform any discretionary function, but merely acted in a strictly ministerial capacity with respect to the plaintiff. The booking procedure operative at the City Jail simply required them to determine the identity of the arresting officer and the charge to be placed against the plaintiff.

This procedure was necessarily altered due to the circumstances attendant to the plaintiff's arrest. Since the disturbance at Water Tower Park resulted in numerous arrests, it was not practicable to have each arresting officer accompany his prisoner to the City Jail. Thus, it was not unusual for a period of time to elapse between the time the prisoner was transported to the jail and the time the arresting officer was able to leave the scene of the disturbance and return to the jail to participate in the normal booking procedures. To facilitate handling the large numbers of prisoners transported to the jail that evening, defendant Goulet began the booking procedure in the absence of the arresting officers. The prisoners were removed on an individual basis from the common holding cell for the purpose of obtaining the identification information required to be placed on each prisoner's booking slip. The prisoner was then searched and placed in a separate cell from the other

prisoners for security reasons. Defendant Goulet then expected that upon returning to the station each arresting officer would identify his prisoner either by recognizing the arrestee's name on the booking slip or by personally identifying the prisoner from an inspection of the cell block. Once the arresting officer identified his prisoner, the booking procedure for that prisoner would be completed.

Defendant Goulet commenced this booking procedure as to the plaintiff at about 10:30 p. m. At that time, Goulet was unaware of either the charge against the plaintiff or the identity of the arresting officer, although Goulet assumed that the plaintiff had been arrested because he had been brought into the City Jail with a large group of prisoners and had been placed in the holding cell with those prisoners. Between 10:30 p. m. and 11:00 p. m., Sergeant Frank Miller returned from Water Tower Park to the City Jail to supervise the booking procedure and to insure that all prisoners were accounted for and that each prisoner had an arresting officer. Upon Sergeant Miller's arrival at the jail, he was advised by defendant Worachek that the plaintiff was in custody, but that no charges had been filed against him. Worachek also informed Sergeant Miller that the plaintiff was one of numerous prisoners for whom arresting officers had not returned to the jail for identification. Following a brief discussion with the plaintiff, Sergeant Miller undertook an investigation to determine the charge against him and the identity of his arresting officer. At approximately 12:30 a. m., after Sergeant Miller determined that he could not identify the officer who took the plaintiff into custody, he directed that the plaintiff be released from the jail and that he be transported to the hospital. The defendant jailers, Worachek and Goulet, went off duty about 11:40 p. m., approximately one hour before the plaintiff was released from the City Jail.

Based on the foregoing recitation of the evidence, we conclude that the initial confinement and processing of the plaintiff as a prisoner in the City Jail by defendants Worachek and Goulet was proper. Where a prisoner is placed in custody in a city jail, those responsible for his confinement are entitled to a reasonable opportunity to make an investigation into the legal authority to confine that prisoner. Given the unique circumstances surrounding the plaintiff's confinement, the evidence clearly showed that the defendants conducted a reasonable and timely investigation into the basis for the plaintiff's custody and that they acted reasonably in conducting the initial processing of the plaintiff. Within thirty minutes after the plaintiff had been brought into the jail, the defendants determined that they were unable to identify either the arresting officer or the charge to be placed against the plaintiff and the defendants promptly apprised their supervisor, Sergeant Miller, of these facts. Upon receiving that information, Sergeant Miller advised the defendants that he would investigate the reasons for the plaintiff's confinement. Approximately one hour after the defendants went off duty at the jail, it was determined that no charge against the plaintiff was forthcoming and he was released from custody.

Thus, on these facts and absent a showing that the plaintiff was otherwise detained unreasonably by the defendant jailers, we hold that the district court's findings of liability against the defendants were clearly erroneous, and we therefore reverse the judgment appealed from with respect to the violations of the plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

## IV

Defendants Worachek and Goulet also argue that the evidence failed to support the district court's findings that they violated the plaintiff's Eighth Amendment rights by denying him immediate and adequate medical attention for his injuries. We reject this argument and sustain the findings of the district court as fully supported by the evidence adduced at trial.

In *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Su-

preme Court held that, regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury constitutes cruel and unusual punishment in contravention of the Eighth Amendment. But the Supreme Court noted that not every claim by a prisoner that he has not received medical treatment is sufficient to state a cause of action under Section 1983. Inadvertent failure to prove adequate medical care cannot be said to constitute "wanton infliction of unnecessary pain" or to be "repugnant to the conscience of mankind." *Id.* at 105–106, 97 S.Ct. at 292. Relying on the standards set forth in *Estelle v. Gamble, supra,* the defendants argue that the evidence failed to show that they acted in conscious disregard of the plaintiff's medical needs. Defendants contend that their failure to arrange for the plaintiff's transportation to a hospital was inadvertent rather than intentional, and that they are therefore not liable to the plaintiff.

In support of this contention, the defendants claim that after the plaintiff had been booked by Officer Goulet, a telephone call was placed for an ambulance to transport the plaintiff to a hospital, but an ambulance was not available at that time. When Sergeant Miller arrived at the City Jail, Goulet requested his assistance in obtaining an ambulance for the plaintiff. The defendants' duty shift ended approximately ten minutes later, and Goulet then advised one of the late shift jailers who replaced him that the plaintiff wanted to be taken to a hospital. Thus, in addition to the confusion at the City Jail generated by the mass arrests, the initial unavailability of an ambulance, the change of shift personnel, and the fact that their supervisor had been informed of the plaintiff's request, the defendants contend that they did not act with intentional or deliberate indifference to the plaintiff's medical needs.

The evidence upon which the district court based its findings plainly refutes the defendants' contentions. The court found that the defendants, as jailers, were responsible for the welfare of the prisoners confined in the City Jail, that at the time of the plaintiff's confinement the defendants had occasion to observe the condition of the plaintiff, and that during the course of his confinement the plaintiff personally and through the intercession of other prisoners repeatedly requested medical treatment for the serious bodily injuries he had sustained, some of which were apparent upon physical examination. The court concluded that the defendants did not, under the circumstances, promptly and reasonably procure medical aid for the plaintiff. In the absence of an evidentiary showing that these findings were clearly erroneous, we decline to disturb them on appeal and affirm the judgment of the district court relating to the plaintiff's Eighth Amendment claims.

V

Both parties appeal from the award of damages. The plaintiff contends that the award of $2,500 in compensatory damages was inadequate. The defendants contend the award was excessive. Further, the plaintiff argues that the district court improperly denied his request for punitive damages.

We affirm the denial of punitive damages. It is well-settled that an award of punitive damages is a matter within the discretion of the trial court. *Crumble v. Blumthal,* 549 F.2d 462, 467 (7th Cir. 1977). The plaintiff has failed to demonstrate that the court abused its discretion in refusing to grant his request for punitive damages. As to the award of compensatory damages, we are not persuaded that these damages either were excessive or inadequate. However, the award of compensatory damages was based on violations of the plaintiff's Fourth, Eighth and Fourteenth Amendment rights. Because we have concluded that the plaintiff is entitled only to a judgment in his favor for the deprivation of his Eighth Amendment rights, we remand the cause to the district court for redetermination of his allowable compensatory damages resulting from the violation of his Eighth Amendment rights.

**1234**

## VI

For the foregoing reasons, the order appealed from dismissing defendant Howard Sobcyk from the plaintiff's suit is affirmed. The judgment appealed from is affirmed as to the plaintiff's Eighth Amendment claims and reversed as to the Fourth and Fourteenth Amendment claims, and the cause is remanded for a redetermination of the plaintiff's entitlement to damages for the violation of his Eighth Amendment rights. The parties shall bear their own costs on appeal, and the Clerk of this Court is directed to enter judgment accordingly.

AFFIRMED IN PART; REVERSED AND REMANDED WITH INSTRUCTIONS.