**Charles WILLIAMS, Plaintiff,**

v.

**James HENRY, et al., Defendants.**

**No. 83 C 9414.**

United States District Court,
N.D. Illinois, E.D.

Oct. 29, 1984.

Jan Susler, Charles Hoffman, Chicago, Ill., for plaintiff.

Neil F. Hartigan, Atty. Gen. of Illinois by Stephen G. Kehoe, Asst. Atty. Gen., Chicago, Ill., for defendants.

BUA, District Judge.

## ORDER

Before the Court is the defendant's motion for summary judgment in a prisoner civil rights action. For the reasons stated herein, the motion is denied.

## DISCUSSION

In support of his motion for summary judgment, defendant sets forth three grounds: (1) that, as a matter of law, defendant acted in good faith to prevent theft in a minimum security unit of a maximum security prison when he took plaintiff by the arm and later interrogated him; (2) that, as a matter of law, defendant did not deprive plaintiff of medical care in violation of his Eighth Amendment rights; and (3) that, as a matter of law, plaintiff's state law claims of assault and battery may not be heard in federal court in this case.

1. *Defendant's Good Faith Defense*

Defendant argues that his use of force was in good faith and the level of force was not sufficient to amount to a violation of the Eighth Amendment.

The standard for whether the use of force constitutes cruel and unusual punishment is set forth in *Stringer v. Rowe*, 616 F.2d 993 (7th Cir.1980). In that case, the Seventh Circuit Court of Appeals said:

> In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

*Id.* at 999 (quoting *Johnson v. Glick*, 481 F.2d 1028 (2d Cir.), *cert. denied*, 414 U.S.

1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)). In addition, while prison guards under state law may have lawful authority to use physical force necessary to protect themselves from physical harm and to enforce an inmate's compliance with valid commands, they act unlawfully if they use greater force than necessary to accomplish a lawful purpose. *Freeman v. Franzen,* 695 F.2d 485, 492 (7th Cir.1982).

■ On the basis of the record developed, the Court finds the existence of genuine issues of material fact regarding Captain Henry's good faith in using force to bring plaintiff in from the vegetable garden and interrogate him, and the amount of force used on plaintiff in comparison to the force necessary to carry out Captain Henry's alleged investigation of theft from the vegetable garden. These issues are clearly presented in the conflicting testimony of the plaintiff, Officer Jones, and Captain Henry regarding the incident in question. Summary judgment on these issues is inappropriate and therefore is denied.

### 2. *Plaintiff's Need For Medical Care*

■ Defendant argues that plaintiff states no Eighth Amendment claim against him since treatment of plaintiff's heart condition was clearly timely, readily available and extensive.

In *Wood v. Worachek,* 618 F.2d 1225 (7th Cir.1980), the Seventh Circuit Court of Appeals set forth the proper standard to determine whether deprivation of medical care constitutes an Eighth Amendment violation. The *Wood* court said:

> In *Estelle v. Gamble,* 429 U.S. 97 [97 S.Ct. 285, 50 L.Ed.2d 251] (1976), the Supreme Court held that, regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury constitutes cruel and unusual punishment in contravention of the Eighth Amendment. But the Supreme Court noted that not every claim by a prisoner that he has not received medical treatment is sufficient to state a cause of action under Section 1983. Inadvertent failure to prove adequate medical care cannot be said to constitute "wanton infliction of unnecessary pain" or to be "repugnant to the conscience of mankind." *Id.* at 105–106 [97 S.Ct. at 291–292].

618 F.2d at 1232–33.

On the basis of the record developed, the Court finds the existence of genuine issues of material fact regarding the timeliness of treatment of plaintiff's heart condition, defendant's knowledge of plaintiff's heart condition as it relates to the issue of inadvertence to provide medical care, and ready availability of medical care at plaintiff's own request. These issues are clearly presented in the conflicting testimony of the plaintiff, Officer Jones and Captain Henry regarding the incident in question. Summary judgment on these issues is inappropriate and therefore is denied.

### 3. *State Law Claims and Pendent Jurisdiction*

■ Defendant argues that plaintiff's pendent state law claims of assault and battery must be dismissed from federal court under the Eleventh Amendment. *Pennhurst State School and Hospital v. Holderman,* — U.S. ——, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The *Pennhurst* decision holds that the principle of sovereign immunity set forth in the Eleventh Amendment is a constitutional limitation upon the doctrine of pendent jurisdiction and that whenever the state is the real party in interest, claims which rest upon state law are barred to a federal court's review. *Id.* at 919. In this context, the question becomes whether the state was a real party in interest when the action names only an individual state official.

In *Adden v. Middlebrooks,* 688 F.2d 1147 (7th Cir.1982), the Seventh Circuit Court of Appeals found that an excellent basis for determining who is the real party in interest is whether any judgment against the agency would have to be paid out of the state treasury. *Id.* at 1153; *see also Miller-Davis Co. v. Illinois State Toll Highway Authority,* 567 F.2d 323 (7th Cir.1977). In *Miller-Davis,* the state's financial liability was certain because of a statutory provision. Ill.Rev.Stat. ch. 121, § 100–24 (1975).

In *Illinois Department of Corrections, et al., v. Prevost Car, Inc.,* No. 80–5057 (S.D. Ill. April 18, 1984), the court relied on the statutory provision which provides for indemnification of state employees who operate a motor vehicle, Ill.Rev.Stat. ch. 127, § 63b4 (1983), as a basis for finding that the state is the real party in interest and therefore that the state claims were barred in federal court.

In the present case, the state's financial liability for Captain Henry's acts is based on the statute covering representation and indemnification of state employees in civil rights actions. Ill.Rev.Stat. ch. 127, § 1302 (1983). Subpart (d) of § 1302 explicitly excludes intentional or wilful conduct from the scope of indemnification in civil rights actions. In addition, under Illinois law, assault and battery require intentional, wilful acts. If the plaintiff prevails on these tort claims, the individual defendant will most likely be liable to pay the judgment, not the State of Illinois.

Therefore, the Court finds that there is pendent jurisdiction over the state law claims of battery and assault, which arise out of a common nucleus of operative fact with the constitutional claims. Pendent jurisdiction over the state law claims is not barred by the *Pennhurst* decision because the individual defendant, not the state, is the real party in interest in this case. Accordingly, defendant's motion for summary judgment on the state law claims is denied.

## CONCLUSION

All parts of defendant's motion for summary judgment are denied.

IT IS SO ORDERED.