791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KENNETH LOVEDAY, Plaintiff-Appellant,
v.
ORBIN SMITH; BOB SUMMIT; RANDY LOCKMILLER; D.W. HARRIS,
WARDEN; JOHN DOE, ALIAS; DAVID DAKE; MARK STEVENS,
 84-6066
 United States Court of Appeals, Sixth Circuit.
 4/7/86
 AFFIRMED
 
 1
 E.D.Tenn.
 
 ORDER
 
 2
 BEFORE: MARTIN and GUY, Circuit Judges; REED, District Judge.*
 
 
 3
 Plaintiff appeals the order dismissing his pro se civil rights action brought under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral arugment is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Plaintiff filed this action against two police detectives, Orbin Smith and Bob Summit, jailer Randy Lockmiller, Warden D.W. Harris of the East Tennessee Reception Center, an unknown guard (John Doe), and assistant attorney generals David Dake and Mark Stevens. Plaintiff requested injunctive relief and damages. Plaintiff alleged that Smith and Summit interrogated him without giving the Miranda[1] warnings while he was in the hospital undergoing treatment for a hand injury and was under the influence of medication. He also claimed that he was released from the hospital into the custody of Smith, Summitt and Lockmiller and transferred to the Knoxville City Jail. He claimed that Lockmiller failed to give him his prescribed medication. He was then transferred to the East Tennessee Reception Center. Plaintiff returned to Knoxville for treatment for his hand injury and the doctor scheduled plaintiff for a return appointment for follow-up treatment. Plaintiff claimed he gave his return appointment card to guard John Doe, but the guard failed to ensure that plaintiff returned for the treatment. Plaintiff claims that as a result, his hand is crooked and one of his fingers is immobile. He further claims that Dake and Stevens prosecuted him under an erroneous indictment and continue to subject him to prosecution. The district court entered an order finding that the complaint failed to state AREA CONTRACTORS ASSOCIATION, DANIS INDUSTRIES CORPORATION, B.D. DANIS claim, there was no allegation of personal involvement by Warden Harris and Jailer Lockmiller, and plaintiff failed to allege the termination of the litigation against him necessary to support a malicious prosecution claim. The court directed plaintiff to amend his complaint or the action would be dismissed. Plaintiff filed an amended complaint withdrawing Warden Harris as a defendant and reasserting his claims against the other defendants. The district court dismissed the action on the grounds that there was no cause of action under section 1983 for the interrogation, plaintiff failed to allege deliberate indifference to a serious medical need, and failed to allege final termination of the state proceedings necessary to support a malicious prosecution claim. Construing the complaint liberally, see Haines v. Kerner, 404 U.S. 519 (1972), we find the district court correctly held that plaintiff could prove no set of facts which would entitle him to relief. See Estelle v. Gamble, 429 U.S. 97 (1976).
 
 
 5
 Plaintiff's first claim is that defendants Smith and Summit violated his constitutional rights by interrogating him while
 
 
 6
 CONSTRUCTION AND GENERAL LABORES UNION giving him the warnings required under UNION OF NORTH AMERICA, AFL-CIO-CIL/(Labor Organization)
 
 
 7
 Dated ________ against the defendant in a criminal trial. There is no constitutional prohibition against interrogations alone which would give rise to a cause of action for damages under section 1983. Bennett v. Passic, 545 F.2d 1260 (10th Cir. 1976); Thornton v. Buchmann, 392 F.2d 870 (7th Cir. 1968).
 
 
 8
 Plaintiff's second claim is that he was not given his pain medication while in the Knoxville County Jail and an unknown guard at the East Tennessee Reception Center failed to ensure that he received a return appointment for follow-up care for his hand injury. An alleged denial of medical care to a prisoner may state a claim under section 1983. Estelle v. Gamble, 429 U.S. 97 (1976); Westlake v. Lucas, 537 F.2d 857 (6th Cir. 1976). To state a cognizable claim, a prisoner must allege 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.' Estelle v. Gamble, supra, 429 U.S. at 106. An inadvertent failure to provide adequate medical care does not give rise to a constitutional violation. Estelle v. Gamble, supra; Wood v. Worachek, 618 F.2d 1225 (7th Cir. 1980). In both his complaints and appellate brief, plaintiff alleges that defendants behaved negligently in causing him to miss his return appointment. The complaint also shows that plaintiff was treated for his hand injury. Plaintiff's allegations of defendants' negligence do not constitute a claim of deliberate indifference to his medical needs.
 
 
 9
 Plaintiff's final claim is that defendants Dake and Stevens violated his constitutional rights by prosecuting him. The district court correctly held that a claim for malicious prosecution under section 1983 must include an allegation that the criminal proceedings terminated in plaintiff's favor. See Dunn v. Tennessee, 697 F.2d 121 (6th Cir. 1982), cert. denied, 460 U.S. 1086 (1983). Plaintiff states on appeal that he has now pleaded guilty to the state charges. However, this information was not before the district court and, in any event, does not establish that the state proceedings terminated in plaintiff's favor. Insofar as plaintiff is attacking the constitutionality of his conviction, his civil rights action is inappropriate. When the allegations in a civil rights action affect the legality of a conviction, the plaintiff must first exhaust state remedies and then file a habeas corpus action. See Hadley v. Werner, 753 F.2d 514 (6th Cir. 1985); see also Preiser v. Rodriguez, 411 U.S. 475 (1973).
 
 
 10
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable Scott Reed, U.S. District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)