930 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ermel BEVINS, Plaintiff-Appellant,
v.
Charles E. "Fuzzy" KEESEE, Poyster Keene, Nancy Lindsey,
Dave Coleman, "Coon" Stratton, and Fred Carter,
Defendants-Appellees.
 No. 90-5567.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1991.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On motion for summary judgment, and pursuant to the recommendation of a magistrate, the district court dismissed plaintiff Ermel Bevins' civil rights action prior to trial. Because we find that the defendants were entitled to judgment as a matter of law, on the record that was before the court, we shall affirm the dismissal.
 
 
 2
 * On March 5, 1989, plaintiff Ermel Bevins got into a fight with a man named Terry Qualls at an arcade in Kentucky. The fight was stopped by onlookers, and Mr. Qualls got into his truck to leave. As he drove away, Mr. Bevins fired three shots at him through the truck's window. One of the bullets struck Mr. Qualls in a finger.
 
 
 3
 Before seeking medical treatment, Mr. Qualls spoke to a trial commissioner who issued a warrant for Mr. Bevins' arrest on the charge of first-degree assault. First-degree assault is a class B felony under Kentucky law. See K.R.S. 508.010.
 
 
 4
 On March 6th, suspecting that Mr. Qualls would file criminal charges against him, Mr. Bevins inquired as to whether a warrant had been issued for his arrest. When he learned that a warrant had indeed been issued, Mr. Bevins requested that he be allowed to post bond. A pretrial release officer by the name of Brian Ballard granted Mr. Bevins' request, setting the amount of the bond at $10,000.
 
 
 5
 The bond form filled out by Officer Ballard contained the appropriate statutory citation--K.R.S. 508.010--but it erroneously referred to the charge against Mr. Bevins as "Assault 4." Fourth-degree assault is a class A misdemeanor under Kentucky law, see K.R.S. 508.030, and a person charged under this section would not be required to post a bond higher than $2,000. See Ky.R.Crim.P., Appendix A.
 
 
 6
 At approximately 1:00 a.m. on March 7, 1989, Mr. Bevins was arrested at his home by three deputy sheriffs--defendants Poyster Keene, Nancy Lindsey, and Dave Coleman--pursuant to the arrest warrant for first-degree assault. Mr. Bevins showed them his bond form, but the deputies made the arrest anyway because the form displayed by Mr. Bevins listed an offense different form the one charged in the warrant. Mr. Bevins was taken to the Pike County jail, arriving there at approximately 2:00 a.m. Officer Ballard arrived at the jail approximately five-and-a-half hours later. The officer explained that he should have written "Assault 1" on the bond form, and Mr. Bevins was promptly released.
 
 
 7
 Mr. Bevins filed the instant complaint pursuant to 42 U.S.C. Sec. 1983. Named as defendants were: Charles Keesee, the sheriff of Pike County; deputy sheriffs Keene, Lindsey, and Coleman; "Coon" Stratton, the Pike County jailer; and Fred Carter, the deputy jailer who had actually imprisoned Mr. Bevins. Officer Ballard was not named. The defendants filed motions to dismiss or for summary judgment. The case was referred to a United States magistrate, who recommended that the defendants' motions be granted. Mr. Bevins filed objections, but the district court overruled the objections and dismissed the case. This appeal followed.
 
 II
 
 8
 Sheriff Keesee and County Jailer Stratton are entitled to judgment as a matter of law because Mr. Bevins' claim against them is based solely upon the doctrine of respondeat superior. It is well settled that Sec. 1983 will not support such a claim. Polk County v. Dodson, 454 U.S. 312, 325 (1981).
 
 
 9
 Deputy Sheriffs Keene, Lindsey, and Coleman are entitled to summary judgment on the basis of the Supreme Court's decision in Baker v. McCollan, 443 U.S. 137, 145-146 (1979), which held that a police officer acting in good faith is not subject to liability under Sec. 1983 for executing a facially valid arrest warrant. Accord, Masters v. Crouch, 872 F.2d 1248, 1253 (6th Cir.), cert. denied, 110 S.Ct. 503 (1989). In the case at bar Mr. Bevins has pointed to no evidence indicating that these defendants acted in bad faith. The bond form obviously contained at least one error, and the deputy sheriff had no way of being sure whether the bond was for the first-degree assault charge on which the warrant directed them to arrest Mr. Bevins or whether it was for an assault charge other than the one on which they were directed to make the arrest.
 
 
 10
 Deputy Jailer Carter is entitled to judgment as a matter of law because
 
 
 11
 "a jailer is liable [under Sec. 1983] for the illegal detention of an inmate when he unreasonably detains the inmate for arraignment or release, or possesses an affirmative knowledge of the illegality of the arrest. But if the errors upon which liability is asserted take place beyond the scope of his responsibility, he cannot be found liable where he has acted reasonably and in good faith." Wood v. Worachek, 618 F.2d 1225, 1231 (7th Cir.1980).
 
 
 12
 In the case at bar the error was Officer Ballard's. The plaintiff has pointed to no evidence of bad faith on Mr. Carter's part, and although it is true that prolonged detention might give rise to a constitutional claim, Baker, 443 U.S. at 145, Mr. Bevins' six hours of detention was considerably shorter than the "three days over a New Year's weekend" approved by the Court in Baker itself. Id.
 
 
 13
 AFFIRMED.