46 F.3d 1134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Zaundra THOMPSON, individually and as Administratrix of the
Estate of Rahn Dameron, deceased, Plaintiff-Appellant,
v.
Brian LARKINS, Cook County Department of Corrections,
Correctional Officer, Defendant-Appellee.
 No. 94-1675.
 United States Court of Appeals, Seventh Circuit.
 Argued: Jan. 6, 1995.
Decided: Feb. 1, 1995.
 
 1
 Before CUMMINGS and KANNE Circuit Judges, and GRANT, District Judge.*
 
 ORDER
 
 2
 The defendant Brian Larkins moved to dismiss plaintiff's amended Sec. 1983 complaint contending that he had not received notice of the suit within the prescribed period for service of process, and that the amended complaint was therefore barred by the applicable statute of limitations. Fed. R. Civ. P. 4(j), 12(b)(5) and 15(c)(3). The district court granted the defendant's motion and this appeal followed. For the following reasons, the judgment is AFFIRMED.
 
 A. BACKGROUND
 
 3
 Zaundra Thompson's son, Rahn Dameron, was a pre-trial detainee in the Cook County Department of Corrections when he committed suicide on June 8, 1991. On June 7, 1993, one day before the statute of limitations would have expired, Thompson filed suit against the guard on duty the night her son died, alleging that he violated the Civil Rights Act, 42 U.S.C. Sec. 1983, when he intentionally failed to prevent her son from committing suicide. Relying on a police report of the incident, Thompson identified the defendant as Thomas Larkin, and mailed the complaint and summons to Larkin in care of the Department of Corrections.
 
 
 4
 Although the Department accepted service on behalf of the named defendant, it notified Thompson's attorney on June 17, 1993 that Thomas Larkin was not an employee of the Department. The attorney mistakenly assumed that Larkin had been an employee, but was no longer, and accordingly tried to locate him through other means. In fact, there was no Thomas Larkin. The guard on duty the night Dameron died was a cadet named Brian Larkins.
 
 
 5
 Counsel's investigation into Thomas Larkin's whereabouts was going nowhere for obvious reasons, when he learned in mid-August that the Department of Corrections had an employee by the name of Brian Larkins. He subsequently subpoenaed the Department for documents relating to Brian Larkins and the Department's investigative file, which clearly identified Brian Larkins as the proper defendant. Counsel received the file on September 22, 1993, two weeks before the time for service of process expired (October 5, 1993).
 
 
 6
 On October 13, 1993, three weeks after he had confirmed the defendant's true identity and 128 days after service of the original complaint, counsel filed and served an amended complaint charging Brian Larkins with a violation of Sec. 1983. Larkins moved to dismiss the amended complaint, and the district court granted his motion.
 
 B. ANALYSIS
 
 7
 The sole issue presented on appeal is whether the district court committed reversible error when it found that Thompson's amended complaint would not relate back under Fed. R. Civ. P. 15(c), and was therefore time-barred. We find that it did not.
 
 
 8
 When the defendant's motion was filed, Rule 15(c) provided:
 
 
 9
 Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when...
 
 
 10
 (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
 
 
 11
 (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(j) [(now Rule 4(m))] for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party...
 
 
 12
 Thompson's attorney concedes that service was not obtained within the 120-day period provided under Rule 4(j), and that the statute of limitations expired before the filing of the amended complaint, but contends that Larkins had constructive notice of the lawsuit prior to October 5, 1993. Counsel argues that when the Department accepted service of the original complaint on behalf of Thomas Larkin, it knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against Brian Larkins, and that knowledge of the suit and misnomer should therefore be imputed to Larkins. Alternatively, counsel contends that he has established good cause for an extension of the service period. Given the liberal construction accorded Rule 15(c), counsel concludes that the amended complaint should have related back to the filing of the original complaint, especially where, as here, dismissal is effectively with prejudice.
 
 
 13
 The district court found that the Department of Corrections was acting as Thomas Larkin's agent when it accepted service, not Brian Larkins'; that there was no "identity of interest" between Brian Larkins and the Department's Office of Investigative Services or Thomas Larkin; and that Brian Larkins had not received notice of the pending lawsuit, constructive of otherwise, within the 120 days provided under Rule 4(j). The court further found that "'simple attorney neglect, without the presence of substantial extenuation factors...,' cannot support a finding of good cause to extend the 120-day period. Floyd v. United States, 900 F.2d 1045, 1047 (7th Cir. 1990)." It thus concluded that Thompson's amended complaint would not relate back to the filing of the original complaint and was therefore barred by the statute of limitations and should be dismissed. Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir. 1993); Williams v. United States Postal Service, 873 F.2d 1069, 1072 (7th Cir. 1989); Wood v. Worachek, 618 F.2d 1225, 1230 (7th Cir. 1980). We agree.
 
 
 14
 Relation back under Rule 15(c)(3) is allowed as long as the newly named party receives notice of the suit or becomes aware of the misidentification in the pleadings within 120 days of the filing of the original complaint (or longer if good cause is shown for an extension of the service period). Woods v. Indiana University-Purdue University at Indianapolis, 996 F.2d 880, 885 (7th Cir. 1993); Skoczylas v. Fed. Bureau of Prisons, 961 F.2d 543, 545 (5th Cir. 1992); Hill v. United States Postal Serv., 961 F.2d 153, 155 (11th Cir. 1992). Thompson's attorney contends, in the first instance, that the Department of Corrections received notice of the suit and was, or should have been, aware of the misidentification back in June 1993, and that such knowledge should be imputed to Larkins. What the Department of Corrections may have known, however, is not relevant in determining what Brian Larkins knew, or should have known. See Doe v. Sullivan County, Tenn., 956 F.2d 545, 552 (6th Cir.), cert. denied, 113 S.Ct. 187 (1992); Gleason v. McBride, 869 F.2d 688, 694 (2d Cir. 1989); Wood v. Worachek, 618 F.2d at 1228. Had the Department been named as a party to the lawsuit, the result might have been different. See Woods v. Indiana University-Purdue University, 996 F.2d at 887. It was not. Indeed, the plaintiff has failed to establish any identity of interest between the Department and Brian Larkins from which one's knowledge could legally be imputed to the other. As the district court correctly noted, the mere fact that Larkins was an employee of the Department, without more, would not create the requisite identity of interest.[2]
 
 
 15
 Counsel's good cause argument is similarly without merit. Rule 4(j) provided:
 
 
 16
 Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such services was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion....
 
 
 17
 To demonstrate compliance with Rule 4(j), counsel had to establish good cause for failing to serve Brian Larkins within the 120-day period.[3] He clearly failed to do so. Thompson's attorney had knowledge of Brian Larkins' identity as early as mid-August, and no later than September 22, 1993 when he received the investisgative file, and yet failed to provide any explanation as to why he waited three weeks to file and serve the amended complaint. Neglect is not "good cause." Floyd, 900 F.2d at 1047.
 
 The law is clear:
 
 18
 [A]mendment with relation back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run.
 
 
 19
 * * *
 
 
 20
 * * *
 
 
 21
 Rule 15(c)(2) [current Rule 15(c)3)] permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party....
 
 
 22
 (Emphasis added). Worthington, 8 F.3d at 1256 (quoting Wood, 618 F.2d at 1229-30).
 
 Accordingly, the judgment is
 
 23
 AFFIRMED.
 
 
 
 *
 The Honorable Robert A. Grant, of the United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 [2]
 Diaz v. Shallbetter, 984 F.2d 850 (7th Cir. 1993), does not dictate a contrary conclusion. In Diaz, we found that while the complaint and summons identified the defendant as John Shullbetter, the real party in interest, Dennis Shallbetter, received notice of the lawsuit within the prescribed time period for service of process and knew or should have known that he was the intended defendant. We accordingly held that the amended complaint correcting the misnomer was timely. There is no indication in the present case, however, that Larkins was ever notified that a lawsuit had been filed until after the time for service had expired. Diaz is thus distinguishable on its facts
 
 
 [3]
 Much of the language of Rule 4(j) was retained in Rule 4(m) when the Federal Rules were amended in 1993. The amendments became effective December 1, 1993, after defendant's motion was filed, but before briefing was completed and judgment was entered. While the Advisory Committee Notes to amended Rule 4(m) indicate that the new rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown," plaintiff's counsel did not argue on appeal or before the district court that the 1993 amendments to Rule 4 should have been applied, and accordingly waived the argument. Gabriel v. United States, 30 F.3d 75, 77-78 (7th Cir. 1994); Rivera v. Benefit Trust Life Insurance Co., 921 F.2d 692, 697 (7th Cir. 1991)