**Elizabeth Elaine CRAIG, Administratrix of the Estate of Robert J. Craig, Deceased, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Timkin Roller Bearing Company, et al., Defendant-Appellee,**
**Litton Systems, Inc., Appellee.**
No. 72-2055.

United States Court of Appeals, Ninth Circuit.
May 17, 1973.

Walter P. Christensen, San Diego, Cal., for plaintiff-appellant.

Charles W. Rees, Jr., Lawrence L. Pillsbury, of McInnis, Fitzgerald, Rees & Sharkey, San Diego, Cal., for defendant-appellee.

## OPINION

Before CHAMBERS, BROWNING and CHOY, Circuit Judges.

PER CURIAM.

Appellant appeals from an order of the district court entered in an admiralty action denying her motion to amend a libel for wrongful death to change the name of defendant McKiernan-Terry Corp. to Litton Systems, Inc. after the two-year statute of limitations had run.

Previously in the same action, after the two-year statute of limitations had elapsed, appellant had moved to amend the libel to change the name of defendant DOE I to Litton Systems, Inc. Upon denial of that motion, appellant had appealed and this court affirmed the denial in Craig v. United States et al., 413 F.2d 854 (9th Cir. 1969), cert. denied 396 U. S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969) *(Craig I).*

■ Appellant contends that the amendment now sought merely corrects a "misnomer" and thus the second sentence of Rule 15(c), F.R.Civ.P. [1] does not apply. The second sentence of Rule 15 (c) was added by 1966 amendment accompanied by the following Advisory Committee Note:

> "Rule 15(c) is amplified to state more clearly when an amendment of a pleading changing the party against whom claim is asserted *(including an amendment to correct a misnomer or misdescription of a defendant)* shall 'relate back' to the date of the original pleading. [Emphasis added.] [3 Moore's Federal Practice ¶ 15.01(9)]".

Rule 15(c), therefore, is applicable to the proposed amendment.

■ ■ In *Craig I,* we applied the rule and held (1) that within the statutory period, Litton had not received notice, formal or informal, of the institution of the action, and (2) that due to its non-receipt of such notice, Litton would be prejudiced in maintaining its defense on the merits, should the amendment be al-

[1]. In pertinent part Rule 15(c) reads:
(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

lowed. Also in *Craig I*, appellant contended Litton had had notice because prior to the running of the statute it had investigated the incident resulting in her decedent's death in which a seaman also had been injured and had filed suit. We held there that "It cannot be said that [Litton's] notice of the incident, but not of the institution of this action, within the statutory period, did not prejudice Litton in maintaining its defense to the action." The issues of notice and prejudice may not be relitigated as appellant now attempts.

The order of the district court is affirmed.