No. 86–158. COUNTY OF WAYNE ET AL. *v.* CARROLL. C. A. 6th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

This case presents the question of which state statute of limitations should be applied in a case brought under 42 U. S. C. § 1983 when more than one state statute arguably can be characterized as addressing "personal injury" claims. See *Wilson* v. *Garcia*, 471 U. S. 261 (1985). The lower courts continue to struggle with this question. In this case, for example, the Court of Appeals for the Sixth Circuit, 754 F. 2d 662 (1985), concluded that a 3-year, catchall statute should be applied which covers actions brought "to recover damages for the death of a person, or for injury to a person or property." Mich. Comp. Laws § 600.5805(8) (1979). The Sixth Circuit chose this section over other 2-year sections which specifically cover intentional torts. See, *e. g.*, Mich. Comp. Laws § 600.5805(2) (1979) ("The period of limitations is 2 years for an

action charging assault, battery, or false imprisonment.") In so deciding, the Sixth Circuit has taken an approach directly contrary to its earlier decision in *Mulligan* v. *Hazard*, 777 F. 2d 340, 344 (1985), cert. denied, 476 U. S. 1174 (1986).

I dissented from the denial of certiorari in *Mulligan* because of the split among the Courts of Appeals in dealing with this question, and I dissent here because the confusion evidenced by this split is underscored by the Sixth Circuit's change in approach.