Joseph J. O'BRIEN, Plaintiff,

v.

CITY OF GRAND RAPIDS, jointly and severally; Dennis J. Johnson, jointly and severally; Stanley Lis, jointly and severally; John Doe, I; John Doe, II; John Doe, III; John Doe, IV; John Doe, V; John Doe, VI; John Doe, VII; John Doe, VIII; John Doe, IX; John Doe, X; Defendants.

No. 1:89–CV–945.

United States District Court, W.D. Michigan.

Jan. 10, 1992.

---

Nancy L. Dilley, Dilley & Dilley, Charles S. Rominger, Grand Rapids, Mich., for plaintiff.

Grant J. Gruel, Gruel, Mills, Nims & Pylman, G. Douglas Walton, Deputy City Atty., Philip A. Balkema, City Atty., Grand Rapids, Mich., for defendants.

### OPINION

ENSLEN, District Judge.

This case is before the Court on plaintiff's motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff instituted this civil rights action on October 5, 1989.

### I. Facts

The circumstances giving rise to this action occurred on October 6, 1987. The original complaint named as defendants the City of Grand Rapids, Officer Dennis Johnson, Officer Stanley Lis and "John Does 1–10." The summons and complaint were served on Officer Johnson, Officer Stanley Lis, and several "John Doe" defendants— Sgt. Patrick Norton, Sgt. Robert Goethal, Officer Paul Felix, Officer Tom Watrous, and Officer Gary Ingalls—on February 15, 1990. *See* Summons and Return of Service filed March 5, 1990; *see also* Affidavit of Frederick D. Dilley, December 19, 1991 (Affidavit) ¶ 8. Plaintiff argues that since service of the original complaint, discovery has revealed the identities of the two alleged "command officers" responsible for the events which culminated in the injuries and constitutional deprivations claimed. Plaintiff therefore seeks to amend the complaint to identify these two officers as named defendants. Defendants argue that the Court should not permit plaintiff to amend the complaint in order to add new parties because the statute of limitations period has passed and the amendment should not relate back to the date of the original filing.

The original complaint contains several allegations aimed at these proposed defendants, who were the alleged officers in command on the day at issue. Paragraph 13 of the Complaint states: "That Dennis

J. Johnson, Stanley Lis and John Does 1 through 10, were members of the Neighborhood Patrol Unit and/or were commanding officers directing the course of conduct of said Defendants in their official capacity." Paragraph 19 states: "That the Defendants in command of the situation ordered the Defendant officers to shoot the Plaintiff at the first available opportunity." And, paragraph 28 states: "That the foregoing acts, omissions and ... policies, practices and procedures of the Defendant, City of Grand Rapids, ... resulted in the police officers being unaware of the rules and law governing permissible use of force against individuals...."

During defendant's deposition of plaintiff's liability expert on September 13, 1991, the expert allegedly identified the proposed defendants "as the persons having primary responsibility for the Constitutional violations alleged." Affidavit ¶ 14 & 15. In their mediation brief, it is undisputed that defendants stated: "It is expected that by the time of trial, Plaintiff will have narrowed his claims down to the City of Grand Rapids, Police Chief William Hegarty, Captain Dan Ostapowicz, and arresting officer Dennis Johnson." *Id.* ¶ 19 (citing Defendants' Mediation Brief at 2). It is also undisputed that plaintiff's Mediation Brief contained the following statement: "Although a total of 69 police personnel responded, this lawsuit primarily questions the actions of Police Chief William Hegarty, Patrol Commander Daniel Ostapowicz, Officer Dennis Johnson, and ultimately the City of Grand Rapids acting through the G.R.P.D. and its Chief." *Id.* ¶ 20 (citing Plaintiff's Mediation Brief at 2). Plaintiff's attorney testifies, moreover, that at the Summary Jury Trial, "the focus of the Plaintiff's presentation was on Chief Hegarty and Captain Ostapowicz." In fact, the summary jury verdict forms requested specific rulings as to the liability of each of them. Affidavit ¶ 21, Ex. 2. Finally, it is undisputed that the mediation panel that considered this case on October 28, 1991 made an award against Police Chief William Hegarty. *Id.* ¶ 22.

## II. Standard

■ Federal Rules of Civil Procedure 15(a) provides in relevant part that a party may amend its pleading without the court's permission only in certain circumstances, which are not applicable here. Otherwise, a party can only amend its pleading "by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). The purpose of this rule is to provide parties the opportunity to amend a claim that was filed when significant facts remained unknown so that the controversy will be decided on the merits of the case. 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1473, at 520 (2d ed. 1990) (citations omitted). The Court should grant leave to amend unless the Court finds one of the following reasons for not granting it: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). *See also General Electric Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir.1990) (listing factors the Court should consider in determining a motion under Rule 15(a)).

■ When delay is at issue in a motion to amend, the Court should "weigh the cause shown for the delay against the resulting prejudice to the opposing party." *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873–74 (1973). Delay alone is insufficient to warrant denial of a motion to amend. *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir.1987). "There must be 'at least some significant showing of prejudice to the opponent' if the motion is to be denied." *Id.* (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir.1986)).

■ Because Congress did not enact a statute of limitations period for the federal civil rights statutes, the courts must look to analogous state statutes. *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179,

180 (6th Cir.1990). To achieve uniformity, the Supreme Court held in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct.1938, 85 L.Ed.2d 254 (1985), that in determining the applicable statute of limitations the courts should characterize section 1983 claims as personal injury actions and thus look to the state's personal injury statute. In Michigan, the applicable provision is the state's personal injury statute establishing a three-year statute of limitations for general personal injury claims. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir.) (citing Mich. Comp.Laws Ann. § 600.5805(8)), *cert. denied sub nom. County of Wayne v. Carroll*, 479 U.S. 923, 107 S.Ct. 330, 93 L.Ed.2d 302 (1986).

The issue in this case is whether the motion to amend should be disallowed as futile. Rule 15(c) provides that an amendment naming new parties relates back to the date of the filing of the original complaint only under certain conditions. Fed.R.Civ.P. 15(c) (as amended effective December 1, 1991).[1] There can be no doubt that plaintiff discovered the injury in this case on October 7, 1987 and thus the statute ran in October 1990. If the amendment does not relate back, the statute of limitations would bar plaintiff's claims against the proposed named defendants and the motion to amend should be denied as futile.

■ Critical to the determination of whether the proposed amended complaint would relate back is notice to the proposed defendants. "Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permit imputation of notice to a subsequently named and sufficiently related party." *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). The plaintiff in *Schiavone* had instituted a libel action against "Fortune." Fortune, however, was only a trademark and the name of an internal division of Time Incorporated. On May 20, 1983, plaintiff mailed the complaints to Time's registered agent in New Jersey. The agent received them on May 23rd, but refused service because Time was not named as a defendant. The statute of limitations ran on May 31, 1983. Plaintiff amended the complaint on July 18, 1983 by adding Time as a party defendant and served the complaints on Time by certified mail on July 21st. In *Schiavone*, the Court held that because the entity intended to be sued under the original complaint had not received proper notice within the statutory time limit, notice to the subsequent, properly named party could not be imputed. *Id.* The Court emphasized that "[t]he linchpin is notice, and notice within the limitations period." *Id.* at 31, 106 S.Ct. at 2385.

The Supreme Court noted in *Schiavone* that the Rule's results may be harsh, but justified them with the rationale that they were dictated by the policy behind the statute of limitations. *Id.* at 30–31, 106 S.Ct. at 2384–85. *See also* Advisory Committee's 1966 Notes on Fed.R.Civ.P. 15(c) (amendment relates back if the party against whom claim is asserted receives notice within the applicable limitations period such that it is not prejudiced in defending against action). The Court observed, "[T]here is an element of arbitrariness here, but that is a characteristic of any limitation period." *Schiavone*, 477 U.S. at 31, 106 S.Ct. at 2385. "Clearly the relation back rule was not designed to provide a means either to circumvent or to expand the limitations period." *In re Allbrand Appliance & Television Co., Inc.*, 875 F.2d 1021, 1025 (2nd Cir.1989).

■ In order for an amendment, which names new parties, to relate back to the date of the original complaint, four requirements must be satisfied:

---

**1.** Rule 15(c)(3), as amended, provides:

An amendment of a pleading relates back to the date of the original pleading when ... (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amend-

ment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. Fed.R.Civ.P. 15(c)(3).

1) the basic claim must have arisen out of the conduct set forth in the original pleading;

2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;

3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and

4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone,* 477 U.S. at 29, 106 S.Ct. at 2384; *see also Dean v. Veterans Admin. Regional Office,* 943 F.2d 667, 672 (6th Cir.1991) ("four requirements must be met in order for Rule 15(c)'s relation back to save a complaint"), *petition for cert. filed* (Dec. 5, 1991). The first factor is not at issue in this case. The basic question presented here is whether the proposed defendants, the Chief of Police William Hegarty and Captain Daniel Ostapowicz, both employees in the City of Grand Rapids Police Department, received proper notice within the three-year statutory time limit.

■ This case is distinguished from *Schiavone* because the original complaint did indeed properly name defendants who were served within the statutory time limits. The proposed amended complaint filed by this plaintiff involves the specific naming of additional individual party defendants referred to as two of ten John Does in the original complaint. In the absence of mistake, there is conflict about whether an amendment that substitutes a John Doe party with a named individual is governed by Rule 15(c)(3), which applies to an amendment that "changes the party or the naming of the party against whom a claim is asserted." Fed.R.Civ.P. 15(c)(3). *Compare, e.g., Watson v. Unipress, Inc.,* 733 F.2d 1386, 1389 (10th Cir.1984) *and Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171 (3rd Cir.1977) *and Craig v. United States,* 479 F.2d 35, 36 (9th Cir.), *cert. denied,* 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 314 (1973) *with, e.g., Wood v. Worachek,* 618 F.2d 1225, 1228–29 (7th Cir.1980).

The Seventh Circuit has ruled that a plaintiff may not receive the benefits of Rule 15(c) when there has been no mistake as to the identity of defendant, but only the late discovery of the identity of John Doe defendants. *Wood v. Worachek,* 618 F.2d 1225, 1230 (7th Cir.1980). In *Wood,* the Seventh Circuit affirmed the district court's refusal to allow plaintiff to substitute in an amended complaint one of the defendants for a previously named John Doe party because of inadequate notice within the statute of limitations, as required pursuant to Rule 15(c).[2] *Wood,* 618 F.2d at 1230. The court based its ruling on the following findings: 1) there was no factual support for finding that the new defendant knew or should have known that he would be named as a defendant; and 2) there was no identity of interest between the new defendant and the other named officers because the claims against him were separate and distinct, and he had no representation by counsel during discovery and defense preparation. *Id.*

The Sixth Circuit, however, has ruled that if proper notice has been provided, an amendment adding new defendants may be allowed after the statute of limitations has run if the new defendants had received timely actual or constructive notice, or if notice could be imputed to them before the statutory time period had run, or, finally, if timely notice could be implied by the relationship between the new defendants and the original defendant. *Berndt v. State of Tenn.,* 796 F.2d 879, 884 (6th Cir.1986) (post-*Schiavone* decision). Notice by implication is particularly applicable here. The Sixth Circuit instructed that the court could imply receipt of timely notice if the original defendant had been timely served and "where the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant." *Id.*

---

**2.** The amended complaint substituted three other defendants for those previously identified as John Doe and Richard Roe and the district court disallowed the amendments as to those defendants as well. No appeal was taken as to those other defendants.

### III. Discussion

Defendants challenge plaintiff's right to amend on the grounds that the proposed named parties did not have timely notice of the action and, thus, allowing an amendment on the eve of trial would be prejudicial. According to plaintiff, the proposed amended complaint does not add additional causes of action, does not require additional discovery, and does not seek relief different in form from the original complaint. Defendants have not contradicted these assertions. Moreover, plaintiff argues that the proposed defendants have had notice of the action and will not be prejudiced in maintaining a proper defense on the merits. The issue is, however, whether defendants' right to raise the statute of limitations as a defense is prejudiced. Plaintiffs do not allege the time at which the proposed defendants were notified or should have known of the action pending against them. On October 28, 1991, the parties presented evidence both to a mediation panel and to a panel of jurors for a summary jury trial. The proposed defendants were treated as party defendants. However, at what point, prior to the alternative dispute resolution modalities adopted in this case, defendants were placed on notice that the claims were aimed at them is not explicitly alleged by plaintiff.

In this case, the following facts support a finding of implied notice as to proposed defendants: 1) defendants, like the originally named individual officer defendants, are also officers in the Grand Rapids Police Department, one of the original defendants in this action; 2) some of the claims against the proposed defendants are the same as those against the original defendants; 3) although some of the claims against these commanding officers are different from the claims against the originally named individual officers, the proposed defendants are represented by the same attorney representing the originally named officers; 4) the original complaint specifically makes allegations against the officers in command.

I conclude that the facts support a finding of implied notice. The relationship between the original defendants—the City of Grand Rapids and specific police officers—and the proposed defendants—the Chief of Police and a Sergeant in the Grand Rapids Police Department—is sufficiently close to support a finding that the proposed defendants had relatively prompt notice of the contents of the complaint at the time it was served. At the time the complaint was served on defendants, February 20, 1990, proposed defendants were placed on notice that specific claims in the complaint were aimed at them. Defendants argue that plaintiff had information regarding the identity of the "John Doe" defendants after the criminal trial, which ended within the statute of limitations period. Defendants provide references to the transcript where plaintiff was informed that proposed defendant Ostapowicz was the "overall commander at the site." Defendants' Brief in Opposition at 4. Defendants also pinpoint the statement that "only the Chief of Police can dispatch the Neighborhood Patrol Unit." *Id.* Finally, defendants cite to the criminal transcript where testimony was given that "Chief Hegarty was the individual who gave the 'green light'—authorization to shoot O'Brien if the situation presents itself." *Id.* Just as this information may be used to show that plaintiff had the information necessary to name proposed defendants at an earlier date, it can also be used to show that because plaintiff's complaint included claims against the "commanding officers," proposed defendants were put on notice that charges in the complaint were aimed at them. Proposed defendants should have known that but for plaintiff's lack of information or delay, they would have been named individually as defendants in this action.

Even if the facts were insufficient to find implied notice, defendants waived their right to timely raise the statute of limitations as a defense to plaintiff's filing of the amended complaint because they did not raise it prior to the alternative dispute resolution proceedings undertaken in this case. The evidence is undisputed that during the alternative dispute proceedings,

plaintiff identified the proposed defendants as party defendants and sought rulings as to their liability. Plaintiff and the Court have invested substantial resources in the proceedings undertaken in this case. To allow defendants to perpetuate the proceedings without raising the defense would result in substantial waste and expense. In addition, the fact that defendants assumed the cost and invested the time in the alternative dispute resolution proceedings without raising the statute of limitations defense weighs against a finding that defendants have not been afforded adequate opportunity to complete discovery and formulate a defense on the merits.

For all the reasons discussed, I find that plaintiff's proposed amendment pursuant to Rule 15(c) should relate back to the date of the original filing of the complaint in this case. Plaintiff's motion to file an amended complaint is thus granted.