**Ronald DAVIDSON, Plaintiff,**

v.

**James CONWAY, Sergeant, et al., Defendants.**

**No.  97–CV–389C.**

United States District Court, W.D. New York.

April 27, 2004.

CURTIN, District Judge.

On March 1, 2004, plaintiff filed a "Notice of Motion" and "Affirmation" requesting leave to file a fifth amended complaint in this action "to add additional defendants and two causes of action pertaining to employees at the Elmira Correctional Facility and Commissioner Glenn S. Goord" (Item 99). Defendants have responded (Item 103). For the following reasons, plaintiff's motion is denied.

As currently pleaded in the fourth amended complaint in this action, plaintiff alleges that while he was incarcerated in the Special Housing Unit ("SHU") at both the Attica Correctional Facility and the Auburn Correctional Facility in 1994 through 1998, he was subjected to conditions of confinement in violation of the Eighth Amendment to the United States Constitution (*see* Item 35). By way of this motion, plaintiff seeks to add as a defendant New York State Department of Correctional Services ("DOCS") Commissioner Goord, along with "a handful of additional defendants" identified in the affidavit as "jailers," and two additional causes of action alleging the denial of adequate bedding materials while currently incarcerated at the Elmira Correctional Facility.[1]

These proposed new causes of action have nothing to do with the conditions of confinement to which plaintiff was subjected in the SHU at Attica or Auburn. They relate instead to an alleged change in DOCS policy that occurred some ten years after the events complained of in the fourth amended complaint, and involve the conditions of confinement in the general population at a completely different correctional facility. These claims are being brought after the expiration of the three-year limitations period for filing an action

Ronald Davidson, Elmira, NY, pro se.

Stephen F. Gawlik, Assistant Attorney General, Buffalo, NY, for Defendants.

---

1. Plaintiff has not submitted a proposed amended complaint. The proposed amendments set forth here are adapted from plaintiff's supporting affirmation.

under 42 U.S.C. § 1983 in New York, *see Soto v. Brooklyn Correctional Facility,* 80 F.3d 34, 35 (2d Cir.1996), and there is nothing in the plaintiff's affirmation to show or suggest that the claims somehow relate back to the date of the original complaint within the meaning of Rule 15 of the Federal Rules of Civil Procedure.[2] *Id.; see* (citing James W. Moore, Moore's Federal Practice § 15.19(3)(a) at 15–84 (3d ed.1997)) ("Rule 15 is the only vehicle available for a plaintiff to amend the complaint to change or add a defendant after the statute of limitation has run."). If plaintiff believes he has a viable cause of action related to these new allegations, he is free to commence a separate action (subject to the three-strike provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g)).

■ In addition, Commissioner Goord has already been dismissed from this lawsuit based on the court's previous finding that, despite several opportunities to do so during the long pendency of the case, plaintiff had failed to plead sufficient personal involvement on the part of the Commissioner to impose supervisory liability for the constitutional violations alleged in the complaint (*see* Item 67). There is nothing in the plaintiff's affirmation to suggest that the Commissioner should now be brought back into the case and required to defend against new, unrelated claims.

■ In any event, leave to amend must be denied because the proposed new causes of action do not support an Eighth Amendment claim. Generally, the grant of leave to amend the pleadings is within the discretion of the trial court, and it shall be "freely given when justice so requires." Fed.R.Civ.P. 15(a); *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Nerney v. Valente & Sons Repair Shop,* 66 F.3d 25, 28 (2d Cir.1995). Valid reasons for denying leave to amend include delay, undue prejudice to the opposing party, bad faith or dilatory motive on the part of the movant, and futility of the amendment. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 55 (2d Cir.1995); *Porter v. Selsky,* 287 F.Supp.2d 180, 188 (W.D.N.Y.2003).

■ Construed in the light most favorable to plaintiff, the proposed new claims concern an alleged change in DOCS policy which limits inmates in the general population at Elmira to one blanket, along with one laundered towel, two laundered sheets, and one laundered pillow case per week, thereby subjecting them to "more onerous and punitive conditions of confinement than persons confined to SHUs" (Item 99, Davidson Aff., ¶ 12). These allegations fall far short of the level of deprivation required to state a claim for relief under 42 U.S.C. § 1983 and the Eighth Amendment. It is well settled that the Eighth Amendment's prohibition against cruel and unusual punishments "does not mandate comfortable prisons." *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Davidson v. Coughlin,* 968 F.Supp. 121, 128 (S.D.N.Y.1997). Rather, conditions of confinement may

---

**2.** Under Rule 15, an amendment to a pleading that attempts to bring in new parties will "relate back" to the date of the original pleading when (1) the claim arises out of the same conduct originally pleaded and (2) within (ordinarily) 120 days of the original filing date: the party to be brought in by amendment (A) has received such notice of the institu-tion of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. Fed.R.Civ.P. 15(c)(3).

constitute cruel and unusual punishment only when "they result[ ] in unquestioned and serious deprivations of basic human needs ... [which], alone or in combination, may deprive inmates of a minimal civilized measure of life's necessities." *Rhodes,* 452 U.S. at 347, 101 S.Ct. 2392.

■ Assuming as true plaintiff's affirmation that he is issued only one blanket, one towel, and one set of laundered bedding per week, these allegations do not constitute a deprivation that is "objectively, 'sufficiently serious'" to deny plaintiff the minimal civilized measure of life's necessities. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)); *cf. Gaston v. Coughlin,* 249 F.3d 156, 164–65 (2d Cir.2001), and cases cited therein (Eighth Amendment claim may be established by proof that inmate was subjected for prolonged period to bitter cold); *Liles v. Camden County Dept. of Corrections,* 225 F.Supp.2d 450 (D.N.J.2002) (allegation that inmates receive two sheets and one blanket, but no pillow, does not rise to level of sufficiently serious deprivation to constitute Eighth Amendment violation); *Gutridge v. Chesney,* 1998 WL 248913, at *1 (E.D.Pa. May 8, 1998) (allegation that inmate's blanket was removed for approximately a month and a half failed to state Eighth Amendment claim). As such, the plaintiff's proposed amendment would be futile, and leave to amend is denied.

Finally, in letters dated February 28 and March 27, 2004 (Items 100 and 102), plaintiff complains to the court that he never received a disposition of his motion to compel and for sanctions against defense counsel, filed on December 10, 2003 (Item 94). To the contrary, the record reflects that this motion was considered by the court and was denied by virtue of the order dated December 16, 2003 (Item 97).

The plaintiff's video deposition shall proceed as scheduled on May 6, 2004.

So ordered.